[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: HEARING ON DAMAGES
This is an action instituted by the plaintiffs Arlene Broadbent and Winston Broadbent against the defendant Allstate Insurance Company seeking to recover under an uninsured motorist policy owned by the plaintiffs and issued by the defendant. Service of process was made on the defendant on December 31, 1998 as evidenced by the sheriffs return of service. The plaintiffs' motion to default the defendant for failure to appear was granted by the court on June 4, 1999, and the matter was scheduled for a hearing on damages. This hearing having been held before the undersigned, the court makes the following findings.
On December 31, 1992, Winston Broadbent was the operator and Arlene Broadbent was a passenger in a motor vehicle, when an asphalt like substance crashed through the windshield of the vehicle hitting Arlene in the face. Arlene was injured. This injury was serious and ultimately required surgical intervention. The plaintiffs allege that this substance had been negligently left on the roadway by an unidentified vehicle, and based on the circumstantial evidence provided at the hearing and the undisputed allegations of the complaint, the court finds that the plaintiff has established this claim by a preponderance of the evidence.
The court further finds that at the time of the incident, the plaintiffs were insured for uninsured motorist coverage under a contract of insurance issued by the defendant. Under the terms of the insurance policy, the defendant agreed to pay sums which the insureds were legally entitled to recover as damages sustained by them as a result of the negligent operation of an uninsured motor vehicle. The parties failed to agree on the damages that the plaintiffs were entitled to receive under the policy, and in that event, the policy authorized the institution of suit.
The court finds that the plaintiff Arlene Broadbent has suffered economic and non-economic damages, including permanency proximately CT Page 16096 caused by the incident. The court awards to Arlene Broadbent $9,808.66 in economic damages and $35,000 in non-economic damages.
The court finds that the plaintiff Winston Broadbent has suffered non-economic damages proximately caused by the incident. The court awards to Winston Broadbent $3,500 in noneconomic damages.
Therefore, judgement shall enter in favor of the plaintiff Arlene Broadbent and against the defendant Allstate Insurance Company for $44,808.66 and in favor of the plaintiff Winston Broadbent and against Allstate Insurance Company for $3,500, plus costs.
So ordered December 13, 2002.
___________________ STEVENS, J. CT Page 16097